**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

PETER F. GERACI,

           Plaintiff,

    v.                                                          Case No. 09-C-433

ROBERT J. EVERHART, and
EVERHART LAW OFFICE, LTD.,

           Defendants.

---

## DECISION AND ORDER

---

### Background

The Plaintiff, Peter F. Geraci ("Geraci"), founder of the Law Offices of Peter Francis Geraci (the "Geraci Firm"), filed this action against the Defendants, Robert J. Everhart ("Everhart"), as an individual, and, the Everhart Law Office, Ltd. (the "Everhart Law Firm"), a Minnesota domestic corporation, (collectively the "Defendants"). The Complaint is based upon the Defendants alleged use of Geraci's INFOTAPES Mark, and presents claims of trademark infringement in violation of 15 U.S.C. § 1114 (Count I); false designation of origin in violation of 15 U.S.C. § 1125(a) (Count II); dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c) (Count III); trademark infringement and unfair competition under common law (Count IV); trademark infringement in violation of Wisconsin Statute § 132.033 (Count V); unfair competition in violation of Wisconsin Statute § 100.20 (Count VI); deceptive and

unfair trade practices in violation of Wisconsin Statute § 100.18 (Count VII); and, for declaratory judgment under 28 U.S.C. § 2201 (Count VIII).

The action comes before the Court on Geraci's default motion against the Everhart Law Office filed on June 18, 2009. The Court uses the phrase "default motion " because Geraci captioned his motion as a "motion for entry of default," citing Rule 55(a) and Rule 55(b)(2) of the Federal Rules of Civil Procedure. However, Geraci filed the motion electronically as a motion for default judgment. (*See* Docket No. 8.) Geraci also filed a memorandum in support of his motion

On June 19, 2009, the Clerk of Court randomly reassigned the action to this Court because the parties had not consented to proceed before the United States Magistrate Judge and the "motion for default judgment" had been filed.

On June 22, 2009, the Defendants filed an answer that raises the affirmative defense that the Complaint fails to state a claim upon which relief may be granted because of differences in the geography, origin, and concept and because "info tapes" is a descriptive phrase. Thereafter, the Everhart Law Firm filed a memorandum in opposition to Geraci's default motion. Geraci filed a reply.

**Analysis**

Geraci's default motion, filed as a motion for default judgment, is addressed to the Court. However, Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Under the rule, prior to

obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 10A *Federal Practice and Procedure*: Civil 3d § 2682 at 13 (West 1998).

Geraci has failed to take the first step by seeking entry of default by the Clerk of the United States District Court. The lack of clarity, confusion, or sloppiness with the procedural pedigree of Geraci's motion is a hint of additional problems. Specifically, Geraci's submissions do not establish that the Everhart Law Offices has been properly served with the summons and complaint.

As acknowledged by Geraci, at least in part, the summons incorrectly stated that the Defendants had 30 days to answer the Complaint.[1] However, Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure requires that an answer be filed within 20 days. This technical defect does not invalidate the summons. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1399 (7th Cir. 1983)(holding that a summons that did not include the return date, did not list party other than as "et al," and was not under the seal of the court was haphazard, but that the defendant had waived the defect in personal jurisdiction); *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (upholding a summons that specified ten days, rather than 20 days, for answering the complaint); *Sanderford v. Prudential Ins. Co. of Am.*, 902 F.2d 897, 900 (11th Cir. 1990) ("[I]f a summons is in substantial compliance with Rule 4(b), F.R.Civ.P., and a defendant has

---

[1] Geraci's default motion is also predicated upon the failure of Everhart Law Office's to serve an answer with in 30 days of service of the service of the summons and complaint. (*See* Pl.'s Mot. Entry Default ¶¶ 2-3.) Any stipulation of the parties extending the 20-day period for serving an answer must be approved by the Court. *See* Charles Alan Wright & Arthur R. Miller, 5B *Federal Practice and Procedure: Civil 3d* § 1345 (West 2004). No stipulation for an extension of time was presented for approval by the Court.

3

not been prejudiced by the defect in the summons, the defendant must raise his or her Rule 12(b)(4), F. R. Civ. P., defense by motion or in a responsive pleading.") The Everhart Law Office has not indicated that it was prejudiced by the defect in the summons nor has it raised those defects in a motion or responsive pleading. *O'Brien*, 998 F.2d at 1399. Consequently, the erroneous 30-day time period does not render the summons fatally defective.

However, there is a more serious problem with the service upon the Everhart Law Firm. According to the Court's docket, Geraci executed service of the summons by certified mail upon the Everhart Law Firm on May 13, 2009. The Everhart Law Firm contends that the May 13, 2009, service of the summons and complaint to the Everhart Law Firm is defective because certified mail is an improper method to serve a summons. Geraci counters that service was proper because he effected service of process upon the Everhart Law Firm, a corporation, in a manner prescribed by Wisconsin law as authorized by Rule 4(h)(1)(A) of the Federal Rules of Civil Procedure.

The party moving for entry of default has the burden of showing that service of process was properly effected consistent with Rule 4 of the Federal Rules of Civil Procedure. *Trotter v. Oppenheimer & Co.*, No. 96 C 1238, 1997 WL 102531, at *2 (N.D. Ill. Mar. 4, 1997). If the moving party is unable to show proper service or that proper service was waived, the party should not be granted entry of default. *Mid-Continent Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301-02 (7th Cir. 1991), holds that neither actual notice nor "substantial compliance," without more, is sufficient to satisfy the service requirements of Rule 4.

4

Under Rule 4(h) of the Federal Rules of Civil Procedure, a domestic or foreign corporation, or a partnership or other unincorporated association must be served in a judicial district of the United States (A) in a manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of summons, and of the complaint to an officer, a managing or general, or any other agent. Rule 4(e)(1) of the Federal Rules of Civil Procedure states "an individual. . . may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Everhart Law Firm is a domestic corporation and, therefore, may be served according to § 801.11(5) of the Wisconsin Statutes. Under § 801.11(5)(a), a plaintiff may serve process by:

> By personally serving the summons upon an officer, director, or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office.

Wis. Stat. § 801.11(5)(a). Geraci argues that service was proper on Everhart Law Firm on May 13, 2009, because the summons and complaint were delivered to Everhart Law Firm by certified mail and left there with the person who is apparently in charge of the office. Geraci states that Kelly Doherty ("Doherty") was the person in charge of Everhart Law Firm and, therefore, service upon Doherty was proper.

Geraci justifies service under this method relying on *United States v. Ayer*, 857 F.2d 881, 887 (1st Cir. 1988), as indicating that service upon a clerk who signed for certified

5

mail delivery was adequate service. However, *Ayer* interpreted the law of the forum state, Massachusetts, for determining the requirements for service of process outside of that state. *Id*. Massachusetts Rule of Civil Procedure 4(e)(3) provided that "service shall be made by delivering a copy of the summons and of the complaint: . . . by any form of mail addressed to the person to be served." The court held that certified mail falls within the "broad rubric" the requirements of Massachusetts law and is proper service in that jurisdiction. *Id.*

However, under Wisconsin law, service of process by mail is not appropriate as a first means of service. *See Sacotte v. Ideal-Werk Krug & Priester Machinen Fabrick*, 359 N.W.2d 393, 395-96 (Wis. 1984). *See also, Burnett v. Hill*, 557 N.W.2d 800, 803-04 (Wis. 1997). Section 801.11(5)(b) states that only "if with reasonable diligence the defendant cannot be served under par. (a) service may be made by publication and by mailing as provided by sub. (1)." Geraci has not presented any evidence indicating that he used reasonable diligence in attempting to serve process personally before resorting to service by certified mail, *see Welty v. Heggy*, 369 N.W.2d 763, 767-68 (Wis. Ct. App. 1985), *and* there is no indication of any publication of the summons by a class 3 notice. *See* Wis. Stat. § 801.11(1)(c). Therefore, Geraci has not established that he properly effected service on the Everhart Law Firm pursuant to § 801.11(5) of the Wisconsin Statutes.

Geraci also argues that service was proper under Fed. R. Civ. P. 4(h)(1)(B) because he served Everhart, individually, as an officer of Everhart Law Firm. The proof of service on file with the Court indicates that Everhart was personally served on May 18, 2009,

in New Brighton, Minnesota.[2] However, Geraci has not presented any evidence that Everhart is an officer of the Everhart Law Firm. Thus, Geraci has not established that the Everhart Law Firm was properly served. Geraci has not met his burden of establishing that the Everhart Law Firm is in default. Consequently, Geraci's default motion is denied. *See Mid-Continent Wood Prods., Inc.*, 936 F.2d at 301-02.

In its response brief, the Everhart Law Firm states that if Geraci's default motion is denied, it will waive the issue of improper service and stipulate that this matter proceed. The Defendants have filed an answer. Thus, at this juncture, pursuant to Federal Rule of Civil Procedure 16(b), the Court will schedule a telephonic scheduling conference for December 16, 2009, at 10:30 a.m (Central Time). The Court will initiate the call. The parties should be available at that time.

The purpose of the conference call is to establish a Scheduling Order that will limit the time:

    1.    to join other parties and to amend the pleadings;

    2.    to file motions; and,

    3.    to complete discovery;

The Scheduling Order may also:

---

[2] Everhart avers that on May 18, 2009, he was at a satellite office in Edina, Minnesota – sixteen miles away from his New Brighton office – until late in the afternoon and that on July 1, 2009, during a telephone conversation with the process server, that person stated he had made an error and the correct date of service was May 20, 2009. (Def.'s Opp'n Mem., Everhart Aff. ¶ 4.) The process server said that he would be amending the return of service and would fax a copy to Everhart, but Everhart had not received it as of July 7, 2009. (*Id.*) No amended return of service upon Everhart has been filed with the Court.

    A signed return of service constitutes *prima facie* evidence of valid service "which can be overcome only by strong and convincing evidence." *See O'Brien,* 998 F.2d at 1398(citations omitted.) Everhart's affidavit relies on inadmissable hearsay, *see* Fed. R. Evid. 802, and does not overcome the signed return of service that states Everhart was served on May 18, 2009.

4. modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

5. provide for the disclosure or discovery of electronically stored information;

6. include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced;

7. the date or dates for conferences before trial, a final pretrial conference, and trial; and,

8. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the Scheduling Order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

The parties should give special attention Rule 26(f), which requires that they conduct a settlement/discovery conference at least 21 days prior to the initial scheduling conference. The Rule 26(f) conference may be conducted by telephone.

Rule 26 also mandates that the parties, within 14 days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and, (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rule 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case of no more than several sentences.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Geraci's default motion (Docket No. 8) is **DENIED**.

The parties **MUST** participate in a telephone scheduling conference to be conducted by the Court on **December 16, 2009, at 10:30 a.m.** The Court will initiate the call

Dated at Milwaukee, Wisconsin this 23rd day of October, 2009.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**
